In the Matter of the Judicial Settlement of the Accounts of THE MARINE TRUST COMPANY OF BUFFALO, as Guardian of the Estate of HENRY JOSEPH SZAFRANSKI, an Infant.

Surrogate's Court, Erie County, February 24, 1939.

*Kenefick, Cooke, Mitchell, Bass & Letchworth* [*Thomas R. Wheeler* of counsel], for the guardian.

*Nathan T. Hale*, for Veterans' Administration.

HART, S. Wladyslaw Szafranski was appointed general guardian of the person and property of Henry Joseph Szafranski, an infant, by the surrogate on February 13, 1923. During the guardianship

he invested $3,500 of the fund under his control in mortgage certificates of the Title and Mortgage Guarantee Company, bearing interest at five per cent per annum. On June 17, 1929, the guardian filed a petition for a judicial settlement, together with his account, in which was set forth among other assets the certificates hereinbefore mentioned, and which are the subject of this controversy. All the interested parties either waived or were served with citations. A special guardian was appointed and recommended passing the accounts. On July 16, 1929, a decree was signed by the surrogate, duly entered and filed, passing the account and appointing the Marine Trust Company guardian in the place and stead of Wladyslaw Szafranski. Each year an inventory setting forth the items of the account was filed in the Surrogate's Court. A copy was sent to the Veterans' Administration. An express waiver and approval of the guardian's account was filed by A. S. Thompson, Regional Attorney of the Veterans' Administration during the year 1930. Prior to 1937 no question was ever raised by this governmental agency as to the investment in these certificates.

This matter was submitted to this court during the fall of 1937 and briefs were presented a number of months later. At the time of the submission of briefs a matter involving nearly the same state of facts was decided by the Appellate Division, Second Department. (*Matter of Smith*, 254 App. Div. 740.) The decision in this case was based on the decision of the same Department in *Matter of Farina* (253 App. Div. 510). By reason of the reversal of this same Department by the Court of Appeals in *Matter of Stupack* (274 N. Y. 198), this court deemed it advisable to await the outcome of the appeal to the Court of Appeals in the first-mentioned case. This decision was, therefore, held up pending the action of the Court of Appeals.

The Appellate Division, in *Matter of Farina* (*supra*), stated in its opinion. " As the committee invested the funds of the incompetent veteran in securities other than those of the permitted classes, his estate must be surcharged even though his good faith in making the investments is not questioned."

The Court of Appeals on January 10, 1939 (279 N. Y. 479), reversed the Appellate Division in *Matter of Smith* (*supra*). In its opinion the following statement was made: " A court cannot authorize a committee to invest the moneys of an incompetent in securities not sanctioned by the statute, and a careless reading of the statute by counsel and by court cannot change the meaning of its language or enlarge its scope. None the less, a construction adopted consistently and not casually by the legal department of an official agency and by the courts, and which has been accepted

without challenge over a period of years by the public, may not be lightly rejected as unreasonable. It indicates plainly what a fiduciary reading the statute with reasonable care would understand from its language, and that is the way in which the courts should construe a legislative definition intended to guide the conduct of fiduciaries. We are advised by counsel that for several years after article 81-A of the Civil Practice Act was adopted, justices of the Supreme Court in all parts of the State signed orders authorizing or approving investments by committees of incompetent veterans in securities ' legal for trust funds ' including certificates of participation in bonds and mortgages, and that for years the legal department of the Veterans' Administration prepared, or at least did not object to, such orders. We now know that such investments were unwise. The Legislature has acted upon this knowledge and has forbidden such investments in the future. Knowledge late gained cannot change retrospectively the reasonable and generally accepted construction of the statute. So long as the Legislature expressly permitted the investment by other fiduciaries in certificates of participation of bonds and mortgages, the authority conferred by statute upon a committee of an incompetent to invest the funds in his care in ' bonds and mortgages ' included, by fair intendment, authority to invest in parts or shares of such bonds and mortgages, evidenced by certificates of participation in such bonds and mortgages.''

The instant case presents a strong one for the application of the law set forth in that opinion. The investment herein questioned was made at a time when the purchase of such certificates constituted legal investments in accordance with the decision in *Matter of Stupack (supra)*. While it is true that the investment was not made pursuant to a court order, nevertheless this court is aware that not only did the Veterans' Administration advise and suggest such investments, but urged the then guardian clerk and joint custodian of infants' funds of this court to make such investments. The Veterans' Administration acquiesced in the retention of the investments involved in this proceeding by its action in 1930, never protesting at any time up to the time of this accounting, or suggesting that the investment be converted or changed into money. For years, then, the Veterans' Administration has unintentionally misled guardians and the guardian clerk into making this kind of an investment.

In accordance with the decision of the Court of Appeals rendered on January 10, 1939, in *Matter of Smith*, the objections are hereby dismissed.

Let the decree of judicial settlement provide accordingly.